IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

John McKinney,

                Plaintiff,

    vs.

South Carolina Department of Corrections;
SCDC Contracted Medical Provider;
SCDC Director, Bryan Stirling;
Terre K. Marshall;
Cecilia Reynolds, Warden/Director of Lee;
April Clark, SCDC Medical Director;
Harriet Bailey, West P.I. Supervisor;
Stokes, RN Care Provider;
Burnett, RN Care Provider;
Blake, RN Care Provider,,

                Defendants.

Civil Action No. 8:21-cv-3683-CMC

**ORDER**

This matter is before the court on Plaintiff's Complaint filed November 10, 2021. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings.

On November 30, 2021, the Magistrate Judge entered a Proper Form Order and an Order regarding Amendment, explaining how the Complaint was deficient, granting Plaintiff leave to file an Amended Complaint within 21 days of that order, and notifying him failure to do so could result in his case being dismissed for failure to prosecute and failure to comply with a court order. ECF Nos. 7, 8. Plaintiff did not file an Amended Complaint, but filed a motion for copies at no cost, which the Magistrate Judge denied. ECF Nos. 11, 14. The Magistrate Judge also entered a second

Proper Form Order extending the deadline for him to file an Amended Complaint and Summons forms. ECF No. 13. Plaintiff did not file an Amended Complaint, and the deadlines set forth in the Proper Form Orders have expired.

On February 1, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process for failure to prosecute or because Plaintiff failed to cure the defects in his Complaint. ECF No. 18. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Although Plaintiff has not filed objections and the time to do so has expired, he did file a letter requesting summons as needed to "file my amended action." ECF No. 21.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

2

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report in part by reference in this Order as modified below, as to the Defendants and claims except the deliberate indifference claim, as that is the only cognizable § 1983 claim available from the facts of the Complaint. Plaintiff has now filed his letter evidencing an intent to amend his Complaint; therefore, the court will provide another opportunity for him to do so. However, as explained in the Report, the negligence, violation of prison policy, and workers' compensation claims are not actionable under 42 U.S.C. § 1983. In addition, Defendants SCDC, SCDC Contracted Medical Provider, Stirling, Marshall, Reynolds, and Clark, are entitled to dismissal, as they are either not amenable to suit under § 1983 or there are no allegations against these Defendants relevant to the claim of deliberate indifference. Plaintiff *may* be able to make out a claim for deliberate indifference of medical needs against Defendants Bailey, Stokes, Burnett, and Blake, or others as yet unnamed; however, Plaintiff must come forward with specific allegations against each Defendant evincing deliberate indifference to his medical needs to do so.

Accordingly, Defendants SCDC, SCDC Contracted Medical Provider, Stirling, Marshall, Reynolds, and Clark, are hereby dismissed from this case. Further, the claims for negligence, violation of prison policy, and workers' compensation are dismissed. Plaintiff shall have one last opportunity to amend his Complaint by March 23, 2022, and such amendment shall not include the dismissed Defendants or claims. After the Amended Complaint is filed, the court will determine if summonses are required and, if so, they will be sent to Plaintiff. If no Amended

3

Complaint is filed by March 23, 2022, the court will dismiss this case with prejudice for failure to prosecute.

      **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 24, 2022