IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John McKinney,<br><br>    Plaintiff,<br>vs.<br><br>Bryan Stirling, Director SCDC;<br>April Clark, Medical Director SCDC;<br>Terre K. Marshall, Deputy Director SCDC/health;<br>Cecilia Reynolds, Warden of Lee C.I.;<br>Dr. Neville;<br> Burnett, Lee C.I. RN;<br>Anderson, Lee C.I. RN;<br>Stokes, Lee C.I. RN;<br>Blake, Lee C.I. RN,<br><br>    Defendants. | Civil Action No. 8:21-cv-3683-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff's Amended Complaint filed November 10, 2021. ECF No. 26. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings.

1. **Background**

Plaintiff filed his initial Complaint, alleging violation of his constitutional rights, on November 10, 2021. ECF No. 1. On November 30, 2021, the Magistrate Judge entered a Proper Form Order and an Order regarding Amendment, explaining how the Complaint was deficient, granting Plaintiff leave to file an Amended Complaint within 21 days of that order, and notifying him failure to do so could result in his case being dismissed for failure to prosecute and failure to

comply with a court order. ECF Nos. 7, 8. Plaintiff did not file an Amended Complaint, but filed a motion for copies at no cost, which the Magistrate Judge denied. ECF Nos. 11, 14. The Magistrate Judge also entered a second Proper Form Order extending the deadline for Plaintiff to file an Amended Complaint and Summons forms. ECF No. 13. Plaintiff did not file an Amended Complaint within the deadline.

On February 1, 2022, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice and without issuance and service of process for failure to prosecute or because Plaintiff failed to cure the defects in his Complaint. ECF No. 18. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Although Plaintiff did not file objections within the allowed time, he did file a letter requesting summons as needed to "file my amended action." ECF No. 21.

On February 24, 2022, the court entered an Order adopting in part the Report issued February 1, 2022. ECF No. 22. Specifically, the court dismissed claims for negligence, violation of prison policy, and workers' compensation, and Defendants SCDC, SCDC Contracted Medical Provider, Stirling, Marshall, Reynolds, and Clark. *Id*. at 3. The court did, however, allow Plaintiff to file an Amended Complaint by March 23, 2022, but specifically noted the amendment should not include the dismissed claims or defendants. *Id.*

On March 2, 2022, Plaintiff filed a motion to file amended complaint and an Amended Complaint. ECF No. 26, 27. The Magistrate Judge granted his motion to file, and the Amended Complaint became the operative pleading. ECF No. 30. On March 22, 2022, the Magistrate Judge

2

entered a Report recommending the Amended Complaint be summarily dismissed. ECF No. 32. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.

On April 8, 2022, the court received a "motion for final ruling" from Plaintiff. ECF No. 34. In addition, objections to the Report were received April 11, 2022. ECF No. 38.

2. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

3. **Discussion**

The Magistrate Judge found Defendants Stirling, Marshall, Reynolds, and Clark are subject to dismissal as they have already been dismissed from this case by the court's previous order, despite Plaintiff again naming them as Defendants in his Amended Complaint. ECF No. 32 at 11-

3

13. As further noted in the Report, there are no direct allegations against these Defendants, and the facts alleged do not support supervisory liability. *Id.* The Magistrate Judge also recommends the claims against remaining Defendants Neville, Burnett, Anderson, Stokes, and Blake, be dismissed for failure to state a claim for deliberate indifference. *Id.* at 13-15. In addition, the Report notes Plaintiff's claims appear to be time barred under the statute of limitations, as the incident took place in 2014. *Id.* at 15-17.

Plaintiff objects to the Report, arguing his case is not time barred because "as of today 4.7.2022 I have yet to be given adequate medical care of my serious medical injury and needs." ECF No. 38 at 2. He remains under medical care for the injury, he contends, and therefore his case should not be dismissed as beyond the statute of limitations. In addition, he argues the Magistrate Judge erred when she found there was a mere disagreement between him and his physician over treatment that did not amount to deliberate indifference of severe medical needs. *Id.* at 3. He explains he was harmed by the delay, which exacerbated his injuries, causing "unnecessarily prolonged pain and suffering." *Id.* Therefore, he argues the actions of Defendants Neville, Burnett, Anderson, Stokes, and Blake were not in line with accepted medical practice under *Estelle v. Gamble,* 429 U.S. 97 (1976).[1]

---

[1] Plaintiff also filed a motion for final ruling, asking the court to rule on his Amended Complaint and arguing the previous dismissal he found at 2022 WL 557468 was in error. ECF No. 34. The court notes that Order dismissed certain Defendants and claims from his lawsuit. The court will rule on the Report regarding Plaintiff's Amended Complaint in this Order. Plaintiff's motion for final ruling is therefore moot.

The court agrees Defendants Stirling, Marshall, Reynolds, and Clark were dismissed from this lawsuit by the court's previous order, and Plaintiff was specifically instructed not to include these Defendants in any amended complaint he sought to file. ECF No. 22 at 3. In addition, Plaintiff has not alleged sufficient facts in his Amended Complaint to show these Defendants were personally liable or should be held responsible under supervisory liability for a violation of Plaintiff's constitutional rights. Therefore, these Defendants are dismissed.

The court further agrees Plaintiff has not stated a claim for deliberate indifference to a serious medical need. Plaintiff alleges he was denied adequate medical care in a "gross negligence or negligence manner." ECF No. 26 at 6 (errors in original). However, it is well-established that negligence "does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. Plaintiff contends he was harmed when the delay in receiving appropriate treatment exacerbated his injuries and caused him prolonged pain and suffering, such that he is now in a back brace. However, the court agrees with the Report that Plaintiff's own Amended Complaint shows he received immediate and ongoing medical attention and treatment. Although Plaintiff disagrees the treatment he received was adequate, he does not allege facts showing deliberate indifference to his needs – according to his Amended Complaint he was seen immediately by a nurse, received pain medication, had several appointments over the next few days, and when his condition was not improving, saw the doctor and had an x-ray performed. He

has, therefore, failed to state a claim for deliberate indifference to medical needs sufficient to allege a constitutional violation.[2]

4. **Conclusion**

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation this matter be dismissed. Accordingly, the court adopts the Report except declines to address the statute of limitations issue. As Plaintiff has been given the opportunity to amend and has been unable to state a claim for deliberate indifference, the court dismisses this matter with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 14, 2022

---

[2] Plaintiff also contends his claim was not filed outside the statute of limitations because he has ongoing pain and therefore has yet to receive adequate medical care. However, the court need not reach the statute of limitations issue, and declines to do so.

6